```
               DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

AETNA LIFE INSURANCE CO.,          )
                                   )
              Plaintiff,           )
                                   )
         v.                        )    Civil No. 2015-55
                                   )
LOLITA SANDERS; ELSON JONES;       )
EFFRAIL JONES; JANICE JONES;       )
JENNY GUADALUPE; VANETTA JONES-    )
SMITH; and THE GOVERNMENT OF THE   )
VIRGIN ISLANDS, PATERNITY AND      )
CHILD SUPPORT DIVISION,            )
                                   )
              Defendants.          )
                                   )
```

**ATTORNEYS:**

**Mark Alan Kragel**
Bolt Nagi PC
St. Thomas, U.S.V.I.
    *For AETNA Life Insurance Co.,*

**Renee D. Dowling**
Law Office of Renee D. Dowing
Christiansted, U.S.V.I.
    *For Lolita Sanders, Elson Jones, Jenny Guadalupe.*

**Effrail Jones**
Kingshill, U.S.V.I.
    *Pro se plaintiff,*

**Janice Jones**
Kingshill, U.S.V.I.
    *Pro se plaintiff,*

**Claude E. Walker, AG**
**Aquannette Y. Chinnery, AAG**
Virgin Islands Department of Justice
St. Thomas, U.S.V.I.
    *For the Government of the Virgin Islands, Paternity and Child Support Division.*

## ORDER

**GÓMEZ, J.**

Before the Court are the motions of Janice Jones, Lolita Jones-Sanders, Elson Jones, and Jenny Guadalupe to transfer this matter to the St. Croix division of this Court.

### I. FACTUAL AND PROCEDURAL HISTORY

On March 1, 2007, AETNA Life Insurance Co. ("AETNA") issued a life insurance policy to Nora I. Jones in the United States Virgin Islands. Under the policy, AETNA promised to pay Nora Jones's designated beneficiaries $75,000 after she died. Initially, Nora Jones named five of her children as her beneficiaries: Effrail F. Jones, Lolita T. Jones-Sanders, Janice E. Jones, Elson A. Jones, and Vanetta Jones-Smith. Nora Jones designated each child to receive 20% of the insurance proceeds.

On August 1, 2007, a "Change Form" (the "First Change Form") was submitted to AETNA. The First Change Form indicated that the beneficiaries of Nora Jones's life insurance policy were now Elson Jones and Lolita Jones-Sanders--who were each to receive 30% of the proceeds--and Janice Jones and Effrail Jones--who were each to receive 20% of the proceeds.

On January 27, 2015, a second Change Form (the "Second Change Form") was submitted to AETNA. The Second Change Form

indicated that the beneficiaries of Nora Jones's life insurance policy were Lolita Jones-Sanders, Elson Jones, Janice Jones, and Jenny Guadalupe. Pursuant to the Second Change Form, Lolita Jones-Sanders was to receive 50% of the proceeds, Elson Jones was to receive 40% of the proceeds, Janice Jones was to receive 5% of the proceeds, and Jenny Guadalupe was to receive 5% of the proceeds.

Nora Jones died on January 29, 2015. On March 10, 2015, before the proceeds from her life insurance policy were paid out, AETNA received a letter from Effrail Jones and a letter from Janice Jones. In their letters, Effrail Jones and Janice Jones claimed that the Second Change Form was the result of fraud. Effrail Jones and Janice Jones indicated that Nora Jones was mentally incapacitated on January 27, 2015, and unable to write. They asserted that Nora Jones's purported signature on the Second Change Form was a forgery.

AETNA was later informed that the Second Change Form was executed by Elson Jones "on behalf of Nora I. Jones as her attorney-in-fact." *Am. Compl.*, ECF No. 46 at ¶ 21. AETNA requested documentation to support this claim. None was provided.

On June 8, 2015, the Paternity and Child Support Division of the Virgin Islands Department of Justice issued a lien on any

insurance proceeds payable to Elson Jones. The lien directed AETNA to seize, hold, and encumber up to $5,055 in proceeds payable to Elson Jones to satisfy child support payments he owed.

Subsequently, on July 17, 2015, AETNA commenced an interpleader action by filing a complaint in the St. Thomas division of this Court. AETNA filed an amended complaint on July 1, 2016. AETNA named as defendants Lolita Jones-Sanders, Elson Jones, Effrail Jones, Janice Jones, Jenny Guadalupe, Vanetta Jones-Smith, and the Government of the Virgin Islands ("GVI"). Lolita Jones-Sanders, Elson Jones, Effrail Jones, Janice Jones, and Jenny Guadalupe are residents of United States Virgin Islands and live on St. Croix. Vanetta Jones-Smith is a resident of Connecticut. On June 28, 2016, AETNA deposited $74,730 in the Court's registry.

On July 15, 2016, Lolita Jones-Sanders, Elson Jones, and Jenny Guadalupe moved to transfer this matter to the Division of St. Croix pursuant to 28 U.S.C. § 1404(a). Lolita Jones-Sanders, Elson Jones, and Jenny Guadalupe argue that transfer is appropriate because AETNA "has a limited stake in this litigation" and six of the seven defendants live on St. Croix. On July 29, 2016, Janice Jones also moved to transfer this matter to the Division of St. Croix. Janice Jones argues that

transfer is appropriate because (1) Nora Jones "entered into the contract in St. Croix; (2) the majority of defendants and witnesses reside in St. Croix; and (3) [Janice Jones] wouldn't be able to afford to fly her witnesses or herself to St. Thomas for trial." ECF No. 56 at 1.

## II. DISCUSSION

Section 1404, title 28, of the U.S. Code ("Section 1404") provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). By its own terms, Section 1404(a) applies to transfers between districts as well as transfers between divisions within the same district. *See id.; see also Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir.1989) (affirming the transfer of a matter between divisions within a district under Section 1404(a)).

To the extent that intra-district transfers are less cumbersome than inter-district transfers, they may be judged by a less rigorous standard. *See White v. ABCO Eng'g Corp.,* 199 F.3d 140, 143-44 (3d Cir.1999). As the Third Circuit has explained:

> A case that is the subject of an intra-district ... transfer can be handled by the same lawyer(s) and will be governed by the same rules and procedures.

> A case that is the subject of [an inter-district] transfer is unloaded onto an entirely new system. The former is like moving a card table within a house from the living room to the kitchen; the latter is like collecting all the chips and going to the neighbor's house to play. The house rules, as any gamesperson knows, are usually different.

*White,* 199 F.3d at 144.

In considering whether to transfer a matter under Section 1404(a), the Court must first ascertain whether venue is appropriate in the transferee court. *See Kressen v. Federal Ins. Co.,* 122 F.Supp.2d 582, 588 (D.V.I.2000); *see also Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254 n. 22 (1981). Second, the Court must evaluate whether the interests of justice favor transfer by balancing both private and public interest factors. *See Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 878-79 (3d Cir.1995).

### III. ANALYSIS

**A. Whether Venue is Appropriate in the Division of St. Croix**

The Court must first "determine whether the transferee venue is one in which the case might be brought." *See Kressen*, 122 F. Supp. 2d at 588. To make this determination, the Court looks to the venue provisions for the plaintiff's cause of action. *See id.*

AETNA brought this interpleader action pursuant to both 28 U.S.C. § 1335 ("Section 1335") and Federal Rule of Civil

*AETNA Life Insurance Co. v. Sanders, et. al.*
Civil No. 2015-55
Order
Page 7

Procedure 22 ("Rule 22"). "Section 1335 grants original jurisdiction to the district courts over interpleader actions" in certain circumstances. *NYLife Distributors, Inc. v. Adherence Grp., Inc.*, 72 F.3d 371, 374 (3d Cir. 1995); *see also Lexington Ins. Co. v. Jacobs Indus. Maint. Co., LLC*, 435 F. App'x 144, 147 (3d Cir. 2011) ("The court has jurisdiction 'of any civil action of interpleader' if the value of the stake at issue is '$500 or more' so long as 'two or more adverse claimants, of diverse citizenship, are claiming or may claim to be entitled to such money or property' and the plaintiff has deposited the money or property at issue, or a bond for such, with the court." (alterations omitted) (quoting 28 U.S.C. § 1335)). Section 1397, title 28 ("Section 1397"), provides that venue for Section 1335 interpleader actions is appropriate in any "judicial district in which one or more claimants reside." *See* 28 U.S.C. § 1397; *see also NYLIFE Distrib.*, 72 F.3d at 374 ("28 U.S.C. § 1397 provides that section 1335 interpleader cases may be brought where one or more of the claimants reside.").

Rule 22, on the other hand, is merely "a procedural device." *See Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007). When an interpleader is brought under Rule 22, "the plaintiff must plead and prove an independent basis of subject matter jurisdiction." *Id.* Here, the independent basis

*AETNA Life Insurance Co. v. Sanders, et. al.*
Civil No. 2015-55
Order
Page 8

for the Court's subject matter jurisdiction is 29 U.S.C. § 1132(a)(3) ("Section 1132"). *See Metro. Life Ins. Co.*, 501 at 277 ("Through its interpleader action, MetLife seeks to enforce the provisions of ERISA and the plan by ensuring that funds are disbursed to the proper beneficiary. MetLife thus presents a substantial, non-frivolous claim for relief under [29 U.S.C. § 1132](a)(3). This is enough to confer subject matter jurisdiction under ERISA."). Actions under 29 U.S.C. § 1132 "may be brought in the district [1] where the plan is administered, [2] where the breach took place, or [3] where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2); *see also Waeltz v. Delta Pilots Ret. Plan*, 301 F.3d 804, 806 (7th Cir. 2002) ("The venue provision of Title I of ERISA allows plaintiffs to lay venue 'where the plan is administered, where the breach took place, or where a defendant resides or may be found.'" (alterations omitted) (quoting 29 U.S.C. § 1132(e)(2)).

Both Section 1397 and Section 1132(e)(2) speak in terms of districts, not divisions. Thus, an action brought pursuant to Section 1335 or Section 1332 in which venue properly lies in the District of the Virgin Islands may be brought in either the St. Croix division or the St. Thomas division of the District of the Virgin Islands.

Here, six of the seven defendants reside in the District of the Virgin Islands. For this reason, venue is proper in the District of the Virgin Islands under either Section 1397 or Section 1132(e)(2). *See* 28 U.S.C. § 1397 (explaining that venue is proper in the "district in which *one or more* claimants reside" (emphasis added)); 29 U.S.C. § 1132 (explaining that venue is proper "in the district . . . where *a* defendant resides or may be found" (emphasis added)). Accordingly, the Division of St. Croix is a venue "in which th[is] case might be brought." *See* 28 U.S.C. § 1404(a); *see also Kressen*, 122 F. Supp. 2d at 588.

**B. Balance of Private and Public Interest Factors**

In determining whether it is appropriate to transfer venue to a division where the suit might have been brought under Section 1404(a), the Court must consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Salovaara v. Jackson Nat. Life Ins. Co.,* 246 F.3d 289, 298 n.5 (3d Cir.2001) (internal quotation marks omitted).

In *Jumara v. State Farm Ins. Co.,* 55 F.3d 873 (3d Cir. 1995), the Third Circuit listed certain private and public interest facts that may be relevant to the determination of

*AETNA Life Insurance Co. v. Sanders, et. al.*
Civil No. 2015-55
Order
Page 10

whether or not to transfer venue pursuant to Section 1404(a). *Id.* at 879-80. The private interest factors include: (1) "plaintiff's forum preference as manifested in the original choice"; (2) "the defendant's preference"; (3) "whether the claim arose elsewhere"; (4) "the convenience of the parties as indicated by their relative physical and financial condition"; (5) "the convenience of the witnesses"; and (6) "the location of books and records." *Id.* at 779 (citations omitted).

The public interest factors include: (1) "the enforceability of the judgment"; (2) "practical considerations that could make the trial easy, expeditious, or inexpensive"; (3) "the relative administrative difficulty in the two fora resulting from court congestion"; (4) "the local interest in deciding local controversies at home"; (5) "the public policies of the fora"; (6) "the familiarity of the trial judge with the applicable state law in diversity cases"; and (7) the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.* at 779-80 (internal citations omitted); *see also Lony v. E.I. Du Pont de Nemours & Co.,* 886 F.2d 628, 640 (3d Cir.1989).

"The court must balance all of the relevant factors and determine whether a transfer of venue would best serve all the private and public interests." *Metropolitan Life Ins. Co. v. Dysart,* 2008 WL 5101686 at *4 (D.V.I.2008) (quotation omitted).

"The burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer, and unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir.1970) (alterations, citations, and internal quotation marks omitted).

### 1. Private Interest Factors

Typically, a plaintiff's choice of forum is entitled to great weight. *See, e.g.*, *id.* ("It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." (alterations and internal quotation marks omitted)).

With respect to the defendants' preference in forum, Lolita Jones-Sanders, Elson Jones, and Jenny Guadalupe simply assert that, because six of the seven defendants "reside in the district of St Croix . . . [,] for the purposes of these proceedings the applicable venue . . . should be on St. Croix." ECF No. 51 at 1. Janice Jones asserts a somewhat stronger preference for litigating this matter in St. Croix. In her motion, she argues that St. Thomas is an inconvenient forum for several reasons. Namely, because (1) "the majority of defendants and witnesses reside in St. Croix"; and (2) because the Nora

Jones entered into the insurance contract in St. Croix. Janice Jones also asserts that litigating this matter in St. Thomas would cause her financial hardship. The three remaining defendants in this matter have not asserted a preference in forum.

As to the third factor, it appears that the majority of the relevant events occurred on St. Croix: Nora Jones entered into the original insurance contract on St. Croix; all of the subsequent changes to her beneficiaries were made in St. Croix; and the fraudulent actions are alleged to have occurred on St. Croix.

When considering the convenience of the parties, the proper comparison is the burden on the defendants of litigating on St. Croix with the burden on AETNA in litigating on St. Thomas. Lolita Jones-Sanders, Elson Jones, and Jenny Guadalupe do not actually assert that they would be burdened by trying this matter in St. Thomas. Janice Jones asserts that she would be burdened financially in having to fly to St. Thomas for court proceedings. The Court surmises that each of the St. Croix defendants would face a similar burden. The Court has noted in the past, however, that "[l]itigating this matter in St. Thomas simply does not pose the same sort of inconvenience as litigating the matter in a forum outside of the territory."

*AETNA Life Insurance Co. v. Sanders, et. al.*
Civil No. 2015-55
Order
Page 13

*Borghi v. Purple Group, Inc.*, No. CIV 2008-36, 2009 WL 1404752, at *4 (D.V.I. May 15, 2009).

More importantly, the burden is on the moving parties to establish that a transfer is appropriate. *See, e.g., Shutte*, 431 F.2d at 25. In *The Burlington N. Santa Fe Inv. & Ret. Plan v. Mavrovich*, 193 F. App'x 370 (5th Cir. 2006), the defendant moved to transfer a case from the Northern District of Texas to the District of Kansas. *Id.* at 371. In his motion, the defendant "stated that he was medically and financially incapable of appearing in the Northern District of Texas." *Id.* The district court denied the motion. *Id.* On appeal, the Fifth Circuit affirmed the district court because the defendant "failed to substantiate his claims of inconvenience in his motion to transfer." *Id.* Similarly here, Janice Jones states that she would suffer financial hardship appearing in St. Thomas. She does not, however, substantiate this claim.

The fifth factor, the convenience of the witnesses, is relevant "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. Other courts have also appropriately observed that "[t]he party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to

assess the materiality of evidence and the degree of inconvenience." *Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 718 (E.D. Va. 2005); *see also Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978) ("When a party seeks the transfer on account of the convenience of witnesses under s 1404(a), he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover."), *abrogated on other grounds by Pirone v. MacMillan, Inc.*, 894 F.2d 579 (2d Cir. 1990). Here, the defendants have not identified any potential witnesses, let alone provided sufficient information for the Court to assess the materiality of any witnesses' testimony or the degree of inconvenience those witnesses would experience.

Likewise, the sixth factor, the location of books and records, is relevant only "to the extent that the files could not be produced in the alternative forum." *See Jumara*, 55 F.3d at 879. There is nothing in the record to suggest that any documents relevant in this case could be produced only in St. Croix, and not in St. Thomas. *Accord Metro. Life Ins. Co. v. Dysart*, No. CIV. 2007-116, 2008 WL 5101686, at *5 (D.V.I. Dec. 1, 2008).

### 2. Balance of Public Interest Factors

The primary public interest factors are the choice of law to be applied and the relationship of the courts and jurors to the case. *See Lacey v. Cessna Aircraft Co.,* 862 F.2d 38, 48 (3d Cir.1988) (setting forth the relevant public interest factors). For claims "in which state or territorial law provides the substantive rules, there is an advantage in having it applied by federal judges who are familiar with the relevant law, and thus in trying the case in a district of the state or territory whose law is to govern." *Kendricks,* 2008 WL 3914135 at *6. Because the defendants seek to transfer this matter to another Division within the U.S. Virgin Islands, there is no difference between the local law in either division. Because there is no choice of law issue in this case, this factor does not impact the Court's analysis under Section 1404(a). Similarly, there is no issue with the enforceability of any judgment that might be issued. *See Jumara,* 55 F.3d at 879.

In considering the local interests in adjudicating localized controversies, "[t]he Court must be aware of the local interests implicated by this lawsuit in the respective districts or, more specifically, in the communities in which they sit." *Kendricks,* 2008 WL 3914135 at *7. All of the relevant conduct alleged to have occurred in this matter is alleged to have

occurred in St. Croix. The United States Virgin Islands is a single, united territory. As such, the communities of St. Thomas and St. Croix share a public interest in preventing fraud in the United States Virgin Islands. Accordingly, the interest of the St. Croix community is unlikely to be any different from that of the St. Thomas community.

Additionally, "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Ferens v. John Deere Co.,* 494 U.S. 516, 529-30, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990). As both divisions are part of the same district, neither division is unrelated to this litigation.

The parties make no arguments that there are any "practical considerations that could make the trial easy, expeditious, or inexpensive." See *Jumara*, 55 F.3d at 779. In addition, the Court does not perceive of any "relative administrative difficulty" in either the St. Thomas or St. Croix "fora resulting from court congestion." *Id.* Accordingly, neither of these factors carry weight in the Court's analysis.

## IV.   CONCLUSION

The Court acknowledges that the relevant conduct in this action is alleged to have occurred on St. Croix and that several witnesses and defendants reside on that island. However, the

*AETNA Life Insurance Co. v. Sanders, et. al.*
Civil No. 2015-55
Order
Page 17

moving defendants' conclusory assertions of hardship are insufficient to meet their burden of establishing that transfer is appropriate. Having balanced the private and public interest factors, the Court is not satisfied that the factors weigh in favor of transferring this matter to St. Croix.

The premises considered, it is hereby

**ORDERED** that the motions to transfer docketed at ECF Numbers 51 and 56 are **DENIED**.

```
                                    S_____
                                    CURTIS V. GÓMEZ
                                    District Judge
```