```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

AETNA LIFE INSURANCE CO.,        )
                                 )
           Plaintiff,            )
                                 )
           v.                    )    Civil No. 2015-55
                                 )
LOLITA SANDERS; ELSON JONES;     )
EFFRAIL JONES; JANICE JONES;     )
JENNY GUADALUPE; VANETTA JONES-  )
SMITH; and THE GOVERNMENT OF THE )
VIRGIN ISLANDS, PATERNITY AND    )
CHILD SUPPORT DIVISION,          )
                                 )
           Defendants.           )
                                 )
```

**ATTORNEYS:**

**Mark Alan Kragel**
Bolt Nagi PC
St. Thomas, U.S.V.I.
    *For AETNA Life Insurance Co.,*

**Renee D. Dowling**
Law Office of Renee D. Dowling
Christiansted, U.S.V.I.
    *For Lolita Sanders, Elson Jones, Jenny Guadalupe.*

**Effrail Jones**
Kingshill, U.S.V.I.
    *Pro se plaintiff,*

**Janice Jones**
Kingshill, U.S.V.I.
    *Pro se plaintiff,*

**Claude E. Walker, AG**
**Aquannette Y. Chinnery, AAG**
Virgin Islands Department of Justice
St. Thomas, U.S.V.I.
    *For the Government of the Virgin Islands, Paternity and*
    *Child Support Division.*

**ORDER**

**GÓMEZ, J.**

Before the Court is the motion of AETNA Life Insurance Co. for attorney's fees and costs.

## I. FACTUAL AND PROCEDURAL HISTORY

On January 1, 2002, AETNA Life Insurance Co. ("AETNA") issued a life insurance policy to Nora I. Jones. Under that policy, AETNA promised to pay Nora Jones's designated beneficiaries $5,000 after she died. On March 1, 2007, AETNA issued a supplemental life insurance policy to Nora Jones. Under the supplemental policy, AETNA promised to pay Nora Jones's designated beneficiaries $75,000 after she died.

Over the next several years, multiple "Change Forms" were submitted to AETNA purporting to change the beneficiaries of Nora Jones's life insurance policy and the percentage of the proceeds those beneficiaries were to receive. At various times, Effrail F. Jones, Lolita T. Jones-Sanders, Janice E. Jones, Elson A. Jones, Vanetta Jones-Smith, and Jenny Guadalupe were listed as beneficiaries to Nora Jones's life insurance policy.

On January 29, 2015, Nora Jones died. Shortly thereafter, AETNA received letters from Effrail Jones and Janice Jones. Both letters disputed the validity of the most recent "Change Form."

On March 9, 2015, AETNA paid $5,262 from Nora Jones's life insurance proceeds to Divine Funeral Services, LLC. On June 8, 2015, The Paternity and Child Support Division of the Virgin Islands Department of Justice (the "Paternity Division") issued a lien on any insurance proceeds payable to Elson Jones.

On July 17, 2015, AETNA commenced this interpleader action against Effrail Jones, Lolita Jones-Sanders, Janice Jones, Elson Jones, Vanetta Jones-Smith, Jenny Guadalupe, and the Paternity Division. AETNA sought to determine which of the defendants were entitled to proceeds from Nora Jones's life insurance policy, as well as the percentage those defendants were entitled to receive. On June 28, 2016, AETNA deposited $74,730 in the Court's registry.

On May 1, 2017, the parties in this matter appeared before United States District Court Judge Anne E. Thompson for a settlement conference. On May 2, 2017, Judge Thompson entered an order indicating that the parties had reached a settlement agreement.

Pursuant to the settlement agreement, the parties agreed that AETNA will be discharged from this interpleader action. Further, the "Change Form" filed by Nora Jones on August 1, 2007, will control the distribution of Nora Jones's life insurance proceeds. The Paternity Division is entitled to

receive such portion of Elson Jones's distribution as is necessary to satisfy Elson Jones's debt to the Paternity Division.

On May 5, 2017, AETNA filed a motion seeking a discharge from interpleader. On June 2, 2017, the Court granted AETNA's motion and dismissed this case.

Also on May 5, 2017, AETNA filed a motion seeking (1) discharge from interpleader; and (2) attorney's fees and costs. AETNA seeks $11,142.50 in attorney's fees and $948.34 in costs. On May 20, 2017, Lolita Sanders, Elson Jones, and Jenny Guadalupe filed a response to AETNA's motion, arguing that AETNA should not be awarded attorney's fees for work done after the insurance proceeds were deposited into the Court's registry.

On May 22, 2017, the Court referred the motion to the Magistrate Judge for a Report and Recommendation. The Magistrate issued her Report and Recommendation on May 30, 2017.

With respect to attorney's fees, the Magistrate recommended reducing the award in several respects. First, the Magistrate recommended excluding from the award "[t]hree [time] entries on May 4, 2017, totaling $250.00," because they "reflect work unrelated to this interpleader matter." *See* ECF No. 85 at 7.

Second, the Magistrate recommended excluding $1,858.75 in fees incurred seeking attorney's fees because "such fees are not recoverable." *See id.*

Third, the Magistrate recommended "disallow[ing] a portion of the time charged for drafting, revising and reviewing the very basic complaint, the preparation of the amended complaint, and the preparation of the motion for leave to file the amended complaint." *See id.* The Magistrate found that the total fees sought for these tasks was $3,781.25 and recommended reducing the awarded fees by 60% to $1,512.50.

Fourth, AETNA sought attorney's fees for 3.4 hours spent preparing for and attending a "status conference that lasted approximately 12 minutes." *See id.* at 8. The Magistrate recommended reducing the award for this task to a 1-hour charge of $250.00.

Fifth, AETNA sought attorney's fees for 1.9 hours spent attending a conference that "lasted no longer than 30 minutes." *See id.* The Magistrate recommended reducing the award for this task to $137.50.

Finally, the Magistrate recommended disallowing any fees incurred for "travel time to and from the courthouse." *See id.*

In total, the Magistrate recommended reducing the award for attorney's fees to $4,990.

With respect to costs, the Magistrate found that, of the requested costs, only those incurred for service of process were recoverable. Accordingly, the Magistrate recommended reducing the award for costs to $470.

On May 31, 2017, AETNA filed a document captioned "Reply to Lolita Sanders, Elson Jones and Jenny Guadalupe's Response in Opposition to Motion for Costs and Fees and Objection to the Court's May 30, 2017 Report and Recommendation." *See* ECF No. 86. In its reply, AETNA argued that it was entitled to attorney's fees for work done after the insurance funds were deposited into the Court's registry. AETNA objected to the Report and Recommendation because "the time for the Plaintiff to file its Reply to the Defendants' Objection had not expired and as such, the Court did not have the opportunity to review the Plaintiff's Reply before rendering its conclusions found within its Report and Recommendation." *Id.* at 2 n.1.

## II.  DISCUSSION

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party

may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* When no objection to a magistrate's report and recommendation is made, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008)(explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error' ").

**III. ANALYSIS**

AETNA's sole objection to the Report and Recommendation is that the Magistrate issued the Report and Recommendation before AETNA had filed a reply to the opposition to its motion for attorney's fees and costs. The Court will undertake a *de novo* review of the Magistrate's decision to file her Report and Recommendation before AETNA filed its reply.

The Local Rules of the District Court of the Virgin Islands (the "Local Rules") recognize that ordinarily a party has fourteen days after service of a response to file a reply. LRCi 7.1(e)(2). At the same time, the Local Rules also provide that the Court is not prohibited "from ruling without a . . . reply when deemed appropriate." LRCi 7.1(e)(3). That approach is not uncommon among trial courts. *See, e.g.*, *Osman v. Bimbo Bakeries USA, Inc*., No. 14-CV-03281-MEH-CBS, 2016 WL 322390, at *1 (D. Colo. Jan. 27, 2016) ("The Court has determined no further briefing is required and rules on the Motion without response from Defendant, pursuant to D.C. Colo. LCivR 7.1(d)."); *Garden City Boxing Club, Inc. v. Collins*, No. CIVA B-05-260, 2006 WL 2037567, at *3 n.4 (S.D. Tex. July 18, 2006) ("[T]he Court concludes that the underlying motion should be denied even without a response from the Plaintiff . . . .").

Here, the opposition to AETNA's motion for attorney's fees and costs raised a single argument: that AETNA was not entitled to attorney's fees after AETNA deposited the insurance proceeds into the Court's registry. The Magistrate did not credit this argument. Thus, there was no need to await AETNA's reply to refute it. Under these circumstances, the Court finds no error in the Magistrate's approach.

Applying a plain error standard of review to the remainder of the Report and Recommendation, the Court agrees with the Magistrate's legal conclusions and the general thrust of the Magistrate's recommendations. The Court disagrees with respect to the details of some of these recommendations.

First, the Court agrees that attorney's fees incurred pursuing attorney's fees are unrecoverable. After reviewing AETNA's time sheet, the Court concludes that there are six time entries for work relating solely to the recovery of attorney's fees. Those entries total $950, which is not recoverable.

Four additional entries describe work related to drafting the motion for discharge and attorney's fees. Those entries total $1058.75. After reviewing the motion for discharge and attorney's fees, the Court concludes that the six entries for work related to drafting the motion reflect time evenly spent on (1) work related to drafting the fee petition; and (2) work not

related to the fee petition. That is, 50% of the $1058.75 charged for drafting the motion for discharge and attorney's fees is recoverable. Accordingly, the Court will allow AETNA to recover $529.38, representing fees for work not related to the fee petition.

Second, the Court agrees with the Magistrate that AETNA's requested attorney's fees for work related to drafting and amending its complaint are excessive. The Court further agrees that these fees should be reduced by 60%. After reviewing AETNA's time sheet, the Court concludes that these requested fees total $3,548.75. Accordingly, $2,129.25 of AETNA's requested fees are unrecoverable on this basis.

The Court agrees with the Magistrate's remaining recommendations with respect to attorney's fees. The Court also agrees with the Magistrate's recommendations with respect to costs.

In sum, the Court will reduce AETNA's requested attorney's fees by $4,778.63 to $6,363.87. The Court will award AETNA $470 in costs.

The premises considered, it is hereby

**ORDERED** that the Report and Recommendation docketed at ECF Number 85 is **ADOPTED** in part and **MODIFIED** in part; it is further

**ORDERED** that the motion for attorney's fees and costs docketed at ECF Number 75 is **GRANTED** in part and **DENIED** in part; it is further

**ORDERED** that when the Court releases the registry funds in this matter, AETNA will recover attorney's fees in the amount of $6,363.87; and it is further

**ORDERED** that when the Court releases the registry funds in this matter, AETNA will recover costs in the amount of $470.

S\_____
**CURTIS V. GÓMEZ**
**District Judge**